MEYER A. NOVICK, Appellant, v. HULDA DAVIDSON, Respondent, and CHAUNCEY MISNER, Defendant.— Plaintiff has appealed from two orders of the Sullivan County Court, one of which denies his motion to compel respondent's attorney to accept an amended complaint, and the other of which grants respondent's motion for judgment on the pleadings, and also from the judgment entered thereon. There are two other orders appealed from which relate to costs, but in view of our disposition of the appeal, they become academic. Plaintiff's complaint in substance alleges that he and respondent entered into an agreement for the purchase of certain real property at county treasurer's tax sales in Sullivan county, and that by virtue of the agreement plaintiff became entitled to a twenty per cent interest in the property, and respondent to the remaining eighty per cent; that the property was to be sold and the proceeds divided between the parties, plaintiff to have twenty per cent thereof and respondent to have the remaining eighty per cent; that the title to the property was taken in respondent's name; that plaintiff procured offers for the sale of the property which respondent declined to accept and that respondent is threatening to sell the property at a loss in order to extinguish plaintiff's interest therein. The amended complaint merely makes

more specific the allegations of the original complaint. The original complaint was served on November 15, 1940. On November 29, 1940, respondent served her answer, and on December 7, 1940, she served motion papers to dismiss the complaint pursuant to rule 112 of the Rules of Civil Practice. On the 24th day of December, 1940, and within seventeen days of the service of the motion papers and before the court had rendered its decision on such motion, plaintiff served upon respondent's attorney an amended complaint. Respondent's attorney returned the amended complaint. On December 28, 1940, plaintiff obtained from the county judge of Sullivan county an order requiring the respondent to show cause why the amended complaint should not be accepted. On February 17, 1941, the court decided both motions. It denied plaintiff's motion to compel respondent's attorney to accept the amended complaint, and it granted respondent's motion to dismiss the complaint for insufficiency. Plaintiff had a right to serve his amended complaint as a matter of course within twenty days after service of the notice of motion to dismiss the same pursuant to rule 112 of the Rules of Civil Practice. (Civ. Prac. Act, § 244.) A motion under rule 112 is a motion addressed to the pleadings. On such a motion all the allegations of the complaint must be taken as admitted. The service of the amended complaint superseded the original pleading and hence respondent's motion to dismiss that complaint for insufficiency abated. The order granting respondent's motion for judgment on the pleadings and the judgment entered thereon, are reversed, on the law, with costs and disbursements, and the motion for judgment on the pleadings is denied, with ten dollars costs. The order denying plaintiff's motion to compel respondent's attorney to accept the amended complaint is reversed on the law and facts, with ten dollars costs and disbursements, and the motion is granted, with ten dollars costs. Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ., concur.